**MORPHOSYS AG, Plaintiff,**

v.

**CAMBRIDGE ANTIBODY LIMITED, Defendant.**

**No. Civ.A. 99–1012 (JR).**

United States District Court, District of Columbia.

Aug. 10, 1999.

Mary Atchley Jester, Marc E. Rindner, Foley & Lardner, Washington, DC, for plaintiff.

Keith J. Harrison, Steven Schaars, King, Pagano & Harrison, Washington, DC, for defendant.

## MEMORANDUM OPINION

ROBERTSON, District Judge.

At issue in this suit brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, is a recently issued U.S. patent for a human genetic library. The parties are the world's only two biotechnology companies engaged in licensing phage display libraries for the production of human antibodies in the United States. Von Ruden Decl. ¶ 1, Pl.Surrep.Exh. 1. Plaintiff Morphosys AG, a Germany company, seeks a declaration that it does not infringe U.S. patent number 5,885,793 (the '793 patent), issued to Cambridge Antibody Technology, Limited (Cambridge). Defendant moves to dismiss, asserting the absence of a case or controversy. Because I find both that Morphosys has a reasonable apprehension that Cambridge will bring an infringement suit, and that there is present activity which could constitute infringement, the motion to dismiss will be denied.

## BACKGROUND

The facts are undisputed. In September 1998, Cambridge sued Morphosys in Germany for infringement of two European patents, covering technologies related to that of the '793 patent. In the course of settlement talks in the German suit in October 1998, Cambridge's Dr. Chiswell told Morphosys' Dr. Moroney that, even if Morphosys prevailed the German suit, there were "other patents coming along" which CAT intended to assert against Morphosys. Moroney Decl. ¶ 4. The '793 patent issued on March 23, 1999. The next day Cambridge faxed Morphosys a press release announcing the issuance of "a U.S. patent with broad claims covering human antibodies to human proteins isolated by phage display." Moroney Decl. ¶ 5, Exh. A. On March 29, 1999, a British securities analyst sent an e-mail to Dr. Moroney repeating a statement made to him by Dr. Chiswell: that Dr. Chiswell thought Morphosys was infringing the '793 patent and that Morphosys licensees "may

have a problem" in the United States. Moroney Decl. ¶ 6, Exh. B. On April 7, 1999, Morphosys learned that Cambridge had sent promotional materials to one of Morphosys' licensees, stating, in an accompanying letter, that the '793 patent "will affect all parties that are using phage display methods to isolate human antibodies." Moroney Decl. ¶ 7, Exh. C.

Morphosys filed this lawsuit on April 23, 1999 and filed its first amended complaint on May 5, 1999. Cambridge moved to dismiss on June 8, 1999. A motions hearing was held on July 27, 1999.

## ANALYSIS

■ A district court has jurisdiction to hear an action for declaratory judgment, only if there was an "actual controversy" at the time the action was filed. Plaintiff has the burden of establishing the existence of an "actual controversy" based on the "totality of the circumstances." *Indium Corp. v. Semi–Alloys, Inc.*, 781 F.2d 879, 882–83 (Fed.Cir.1985). The question of whether or not a declaratory judgement action presents the requisite actual controversy is answered by using a two-part test:

> "There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *BP Chemicals Limited v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed.Cir.1993).

■ As for the first part of the test, "[i]n light of the subtleties in lawyer language ... the courts have not required an express infringement charge.... If the circumstances warrant, a reasonable apprehension may be found in the absence of *any* communication from defendant to plaintiff." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir.1988). The fax delivery to Morphosys,

on the day after the '793 patent issued, of a press release announcing the issuance of "a U.S. patent with broad claims covering human antibodies to human proteins isolated by phage display," Moroney Decl. ¶ 5, Exh. A, was certainly a communication from defendant to plaintiff. Especially in light of the October 1998 settlement talks, it was not unreasonable for Morphosys to consider the content of the fax and the fact of the transmission to be a veiled threat. Morphosys' reasonable apprehension of suit is supported also by Cambridge's promotional materials, sent to one of Morphosys' licensees less than two weeks after the '793 patent issued, with a letter stating that the '793 patent "will affect all parties that are using phage display methods to isolate human antibodies." Moroney Decl. ¶ 7, Exh. C. *Cf. Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 733, 736 (Fed.Cir.1988) (letter from defendant to plaintiff's customer held to support reasonable apprehension of suit, where plaintiff stated that plaintiff "is not licensed to use our process and we would therefore consider any use a direct patent infringement"). *Cylink Corp. v. Schnorr,* 939 F.Supp. 39 (D.D.C.1996) is distinguishable. There the party being sued was not the party allegedly making threats. Also distinguishable are *Shell v. Amoco,* 970 F.2d 885 (Fed.Cir.1992), and *Cygnus Therapeutics Systems v. ALZA Corp.,* 92 F.3d 1153 (Fed.Cir.1996), where the declaratory judgment plaintiffs brought suit only after repeatedly and unsuccessfully seeking licenses from the patentees, and the patentees had made no threats, or only minimal ones.

The second part of the test, present activity which could constitute infringement, is satisfied if plaintiff's invention is "sufficiently similar [to the patented invention] to warrant apprehension of suit." *Arrowhead,* 846 F.2d at 739. Defense counsel stated at oral argument that his client does not plan to charge plaintiff's "HuCAL [genetic] library per se with infringement." Tr. at 34. He did not say that Cambridge will not challenge specific *uses* of the library. Morphosys' website and its HuCAL users' manual describe "the fact that among the human antibodies which can be produced from the HuCAL libraries are antibodies ... which are specific to human proteins." Von Ruden Decl. ¶ 2, Pl.Surrep.Exh. 1. Cambridge's press release announces the issuance of "a U.S. patent with broad claims covering human antibodies to human proteins isolated by phage display." Moroney Decl. ¶ 5, Exh. A. The similarity between the two inventions is sufficient to warrant plaintiff's apprehension of suit.

An appropriate order accompanies this memorandum.

### ORDER

Upon a review of the record and for the reasons stated in an accompanying memorandum, it is this 3rd day of August 1999

**ORDERED** that defendant's motion to dismiss [# 5] is **denied.**